## G. W. FORRESTER *v.* A. M. HURTT.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

PETITION FOR REHEARING.

FILED JANUARY 25, 1907.    DECIDED FEBRUARY 11, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

REHEARING—*liability of husband for necessaries furnished to wife.*
A petition for rehearing in this case on the ground of mistake and error is denied, no mistake or error appearing.

OPINION OF THE COURT BY WILDER, J.

This is a petition for a rehearing on the ground that in the decision herein, ante p. 215, there was a mistake and error in sustaining an exception to a finding of fact by the trial court which was that the plaintiff knew prior to the rendition of any services that defendant and his wife "were living separate and apart from each other and that marital relations had ceased to exist between them and by reason of the fault" of the wife. This exception was not expressly considered at all, the only one that was considered and sustained being the one that the judgment was contrary to the law and the evidence. That turned mainly on whether there was any evidence showing that the wife was not justified in living apart from her husband and the only

evidence was that the separation was with the consent of the husband and also that the wife made false accusations against him. The record in the divorce case brought by the husband against the wife subsequent to the rendition of the services by plaintiff, although tried and determined before the institution of this action, was not competent evidence to show in this case that the separation was caused by the fault of the wife and much less was it competent evidence to show that plaintiff knew in 1903 what was proved in a divorce case tried in 1905. The evidence in the divorce proceedings may have been sufficient to authorize the decree and also to show in that case that the wife was not justified in living apart from her husband, but plaintiff in this case is not bound by the findings in that case which took place subsequent to the time of the rendition of the services, the value of which are sued for in this case. It was immaterial, therefore, that no objection was made to the introduction of the divorce record.

The petition is denied without argument under Rule 5.

*P. L. Weaver* for petitioner.